

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. *02-4880 M* |
| | ) | |
| FRANCISCO JAVIER JAIME-BELTRAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(e)(2), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, FRANCISCO JAVIER JAIME-BELTRAN, and the defendant's counsel, CARLOS IBARRA:

## REPRESENTATION BY COUNSEL

1.      The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The defendant further understands the defendant's rights:

   a.      to be charged and prosecuted by indictment;

   b.      to plead not guilty;

   c.      to have a trial by jury;

   d.      to confront and cross-examine witnesses and to call witnesses in his defense; and

   e.      against compelled self-incrimination.



## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to an information

to be filed charging violation of 8 U.S.C. § 1325(a)(1), that being Illegal entry without inspection.

## SENTENCING

4.     The defendant understands that the maximum penalty the Court can impose is:

    a.     imprisonment for a period not to exceed six (6) months;

    b.     a fine not to exceed $5,000.00;

    c.     a mandatory term of supervised release of not more than one (1) year (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d.     a mandatory special penalty assessment of $10.00.

5.     The United States and the defendant jointly agree to waive the preparation of a pre-sentence report pursuant to Fed. R. Crim. P. 32(b).  Should the Court nevertheless require the preparation of such a report, the United States reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared, any information that the United States believes may be helpful to the Court.

## STIPULATIONS

6.     The United States and the defendant stipulate as follows:

    a.     Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.

Consequently, the defendant is entitled to the appropriate reductions from the base offense level as specified under U.S.S.G. § 3E1.1.

   b. The defendant and the United States agree pursuant to Fed R. Crim. P. 11(e)(1)(B) that a sentence of time served is the appropriate disposition of this matter. The defendant agrees to provide the United States Probation Office with a copy of this agreement no less than two weeks prior to any plea and/or sentencing hearing scheduled in this matter so that the United States Probation Office can advise the Court as to the appropriateness of the stipulation to a sentence of time served. This stipulation is based upon the information currently known to both parties: specifically, that the defendant has no felony conviction(s) which became final prior to his most recent removal from the United States. If the United States learns, prior to sentencing in this matter, that the defendant has one or more such prior felony convictions, the United States reserves the right, in its sole discretion, to withdraw this plea agreement.

   c. This plea agreement, and the time served sentence agreed upon pursuant to Fed. R. Crim. P. 11(e)(1)(B), is contingent upon the defendant's agreement that the defendant will not collaterally attack or contest in any manner reinstatement of the defendant's prior deportation/removal order. By signing this plea agreement, defendant hereby agrees to waive all challenges, constitutional or otherwise, to reinstatement of defendant's prior deportation/removal order. Defendant understands and knowingly waives any right the defendant may have to a hearing before an immigration judge, or any other authority under the Immigration and Nationality Act, on the question of the defendant's removal from the United States.

3

d.     The United States and the defendant agree that the defendant is not a citizen of the United States, and that he is a native and citizen of Mexico. The United States, defendant, and defendant's counsel agree that defendant has no legal immigration status within the United States.

e.     The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court. The defendant understands and agrees that if the Court does not accept any one or more of such above stipulations, the defendant will not be allowed to withdraw his plea of guilty, and the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

7.     The defendant and the defendant's counsel understand defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to, the defendant's true identity, any other names the defendant has used, any town where the defendant has lived, and defendant's citizenship status. The defendant and the defendant's counsel hereby represent that the defendant has complied with and will continue to comply with this obligation. The defendant and the defendant's counsel understand that any withholding or misrepresentation with respect to the above obligation may, in the sole discretion of the United States, be considered a breach of this plea agreement.

4

## WAIVER OF APPEAL RIGHTS

8.      The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal

the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal any

sentence within the guideline range applicable to the statue of conviction as determined by the Court

after resolution of any objections by either party to the presentence report, if one is prepared in this

case, and the defendant specifically agrees not to appeal the determination of the Court in resolving

any contested sentencing factor.  In other words, the defendant waives the right to appeal the sentence

imposed in this case except to the extent, if any, that the Court may depart upwards from the

applicable sentencing guideline range as determined by the Court.

## GOVERNMENT'S AGREEMENT

9.      Provided that the defendant fulfills his obligations as set out above, the United States

agrees that it will not bring additional charges against the defendant arising out of the defendant's

conduct now known to the United States Attorney's Office for the District of New Mexico.

10.     This agreement is limited to the United States Attorney's Office for the District of New

Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

11.     The defendant agrees and represents that this plea of guilty is freely and voluntarily

made and not the result of force or threats or of promises apart from those set forth in this plea

agreement.  There have been no representations or promises from anyone as to what sentence the

Court will impose.

5

## VIOLATION OF PLEA AGREEMENT

12.     The defendant understands and agrees that if the defendant violates any provision of

this plea agreement, the United States may declare this plea agreement null and void, and the

defendant will thereafter be subject to prosecution for any criminal violation including, but not limited

to, any crime(s) or offense(s) contained in or related to the information to be filed in this case, as well

as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

13.     The United States agrees to remit the mandatory payment of the $10.00 special penalty

assessment otherwise applicable to the defendant.

## ENTIRETY OF AGREEMENT

14.     This document is a complete statement of the agreement in this case and may not be

altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this _____ day of _____, 2002.


DAVID C. IGLESIAS
United States Attorney



_____
MARK A. SALTMAN
Special Assistant U.S. Attorney
555 S. Telshor Blvd., Ste 300
Las Cruces, NM  88011
(505) 522-2304

I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it.


FRANCISCO JAVIER JAIME-BELTRAN
Defendant


CARLOS IBARRA
Attorney for Defendant


N:\MHales\attorneys\saltman\jaime-beltran 1325.frm